FOURTH DIVISION

No. 1-10-0439

| | | |
|---|---|---|
| GERARD M. KENNY, as Trustee of the Trust of Gerard M. Kenny, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Petitioner-Appellee, | ) ) | |
| v. | ) ) | No. 09 CH 23413 |
| | ) | Honorable |
| KENNY INDUSTRIES, INC., | ) ) | William O. Maki, Judge Presiding. |
| Respondent-Appellant. | ) | |

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

Petitioner-appellee, the Trust of Gerard M. Kenny (Trust), filed a petition to confirm a final arbitration award in favor of the Trust and enter judgment thereon against respondent-appellant, Kenny Industries, Inc. The trial court granted the Trust's motion for summary judgment, confirming the arbitration award of $6,989,626 in total, and entered judgment against Kenny Industries in the amount of $3,074,846.95 through the date of the judgment plus future principal installments and interest as provided for in the arbitration award. Kenny Industries requested a stay of entry or enforcement of the judgment pending the resolution of a separate proceeding; however, the trial court denied the request. On appeal, Kenny Industries contends that the trial court erred in reducing the arbitration award to judgment without modification where the arbitrator ruled on an issue that was beyond the scope of his authority. Kenny Industries further contends that the trial court abused its discretion in refusing to stay entry or enforcement of the judgment despite clear evidence that failing to do so would work an injustice. For the reasons that follow, we affirm.

## BACKGROUND

Gerard M. Kenny, Mary Ann Kenny Smith, John E. Kenny, Jr., Patrick B. Kenny, Philip B. Kenny, James C. Kenny, and Joan Kenny Rose are siblings who owned several family businesses together. Kenny Industries was formed in 1985, with Gerard, John, Patrick, Philip, James and Joan as shareholders, to serve as a holding company for several other family-owned businesses. The shareholders transferred all of their common stock of Kenny Construction Company (KCC) and Seven K Construction Company (Seven K) in exchange for all of the common stock of Kenny Industries. In addition, KCC transferred all of the shares it owned in Northgate Investment, Inc. (Northgate), to Kenny Industries. As of December 31, 2005, Kenny Industries was the sole shareholder of KCC; Seven K and Northgate were owned by Kenny Industries (85.61%) and Mary Ann (14.29%). Clinton Industries, LLC (Clinton), is a separate limited liability company engaged in the business of buying, owning, selling and investing in personalty (including securities) and real estate. Its members are Gerard, Mary Ann, John, Patrick, Philip, James and Joan.

On March 25, 1987, Gerard, John, Patrick, Philip, James and Joan entered into a share purchase agreement (SPA) with Kenny Industries. The SPA governs the purchase of shares by Kenny Industries upon the death, total disability, or termination of employment with the Kenny Group of any shareholder. The Kenny Group is defined in the SPA as Kenny Industries, Northgate, KCC and Seven K. The SPA details the method that will be used to determine the purchase price and sets the terms of payment for purchased shares. When the purchase is due to the shareholder's termination of employment, Kenny Industries will make an initial payment

within 90 days of the termination, but only after the purchase price has been determined in accordance with the SPA. Kenny Industries will then pay the balance due in 15 equal annual installments with interest. The SPA also contains the following offset provision:

"If, at the time payments are to be made under this Agreement to the Shareholder ***, the Shareholder *** is indebted to any member of the Kenny Group, then [Kenny Industries], in its discretion, may withhold any payment, in whole or in part, and apply such withheld amount to the payment or partial payment of such indebtedness."

The SPA provides that the shares cannot be transferred without the prior written consent of Kenny Industries and all other shareholders, except for the transfer of shares during the shareholder's lifetime to the shareholder as the sole trustee of a Clifford trust or revocable living trust, but any shares so transferred remain subject to the terms of the SPA. It also provides that the agreement shall be binding on any heirs, executors, administrators, successors and assigns of the shareholder. Finally, the SPA contains an arbitration provision that states that any controversy or claim arising out of or relating to the SPA shall be settled by arbitration, "[t]he award by the arbitrator or arbitrators shall be final, and judgment upon the award rendered may be entered in any court having jurisdiction thereof."

On November 2, 1999, Gerard transferred all of his shares of Kenny Industries common stock into the Trust, of which he is the sole trustee and beneficiary. Gerard's employment with Kenny Industries and all of the Kenny related entities was terminated in November 2005, triggering the purchase provisions of the SPA. Subsequently, John (as president of Kenny

3

Industries) sent a letter to Gerard dated April 18, 2007. The letter contained a calculation of the value of the shares, but stated that Kenny Industries was entitled to offset $7.6 million under the SPA as monies owed by Gerard personally to the Kenny Group under a separate agreement. On August 2, 2007, Gerard, as trustee of the Trust, commenced arbitration proceedings. A five-day arbitration hearing was held before arbitrator Erwin I. Katz in late 2008. The primary issues to be determined through arbitration were: (1) was the share price calculation performed in accordance with the SPA, and (2) did Kenny Industries have the right to offset $7.6 million against the amounts due to the Trust under the SPA.

An interim award was entered on January 12, 2009. Arbitrator Katz determined that the calculation of the share price was untimely under the SPA, but that in all other respects, the calculation submitted by Kenny Industries conformed with the SPA. With regard to the $7.6 million offset, the interim award noted that although the individual siblings claim that Gerard owes them $7.6 million, the balance sheets for KCC and Kenny Industries do not show a $7.6 million account receivable or note payable from Gerard. The interim award further noted that there is no evidence that KCC ever sued Gerard for the claimed $7.6 million loss or made any demand on Gerard to compensate for that purported loss. Arbitrator Katz concluded:

"[Kenny Industries] asserts that it has a right to offset due to the Contribution Agreement. Nothing contained therein, however, gives such a right to [Kenny Industries]. The individuals are not part of the 'Kenny Group.' No payments have been offered or proved made by the various entities which have not been covered by Clinton. In short, there is no indebtedness to any member of the

4

Kenny Group."

The interim award stated that the value of the Trusts's shares in Kenny Industries, as of December 31, 2005, was $6,989,626. This amount was to be paid to the Trust in 15 yearly equal installments, plus interest, beginning October 1, 2006. On March 25, 2009, the final award was entered, incorporating the interim award. The amount due as of the date of the final award for the years 2006 through 2008, including prejudgment interest, was $2,253,041.58. The postjudgment interest rate of 9% was to apply from the date of the final award to any amounts unpaid going forward until the dates of payment. On July 14, 2009, the Trust filed a petition to confirm the arbitration award and for entry of judgment thereon (arbitration action).

A separate lawsuit[1] (contribution action) was also filed as a result of a demand letter for payment under a contribution agreement (CA) entered into in May 2003 between Gerard, his siblings, and KCC. The demand letter was sent to Gerard on June 23, 2005, and was signed by Patrick, John, Philip and Joan on behalf of themselves and James. The letter stated that Gerard owed each of the five siblings $2,057,854. According to the letter, the calculation of this total was based on the terms of the CA, the monies paid by Clinton on a hotel construction project,

---

[1]The Trust asks this court to strike those portions of Kenny Industries' appendix that contain records of filings in this separate lawsuit, case No. 05 CH 20020, because these documents are not in the record on appeal. This court may take judicial notice of documents in the public record. *Union Electric Co. v. Department of Revenue*, 136 Ill. 2d 385, 399 (1990). Moreover, the trial court judge is the same in both proceedings and the interim arbitration award references both the separate lawsuit and the agreement that led to that lawsuit.

and a $7.6 million loss to KCC on that project.

On November 21, 2005, Gerard filed a complaint for declaratory judgment against John, Patrick, Joan, Philip and James (Kenny claimants). Mary Ann was later added as a plaintiff and KCC, Northgate and Clinton were added as defendants. Gerard sought a declaration that he had no payment obligations under the CA. The CA provided guarantees and/or agreements to indemnify certain obligations of Bryn Mawr Hotel, LLC (BMH), which was engaged in the construction and development of the Bryn Mawr Hotel. The complaint alleged that the CA was invalid because Mary Ann never signed it. In the alternative, the complaint alleged that even if the CA was valid, Gerard did not owe the Kenny claimants or KCC any money because neither the Kenny claimants nor KCC ever made a BMH payment that was not paid or reimbursable by Clinton under the CA.

Kenny Industries filed an answer in the arbitration action which included affirmative and additional defenses and noted that in the contribution action, Gerard had asserted that the interim arbitration award contained findings that bar the defendants from seeking recovery in the contribution action. Specifically, Gerard argued during summary judgment proceedings in the contribution action that the arbitration award constituted an express finding that he was not responsible for reimbursing his siblings for the $7.6 million advanced by KCC under the CA. Kenny Industries contended that the arbitration award could not be confirmed to the extent the arbitrator made any finding or findings about debts due under the CA, because any such findings would be outside the scope of the arbitrator's authority. Kenny Industries further contended that because the two cases were intertwined, staying judgment on the arbitration award would serve

the interests of justice.

Kenny Industries also filed a motion to consolidate the two cases. The motion to consolidate was denied, but the arbitration action was transferred as a related case to the judge who was presiding over the contribution action.

The Trust then filed a motion for summary judgment in the arbitration action. In its motion in opposition, Kenny Industries argued that the motion for summary judgment should not be ruled on until after the trial in the contribution action was complete and that the arbitration award should not be confirmed because it exceeded the scope of the arbitrator's authority. Kenny Industries stated that its interpretation of the interim arbitration award is as follows: arbitrator Katz held that the CA did not give Kenny Industries the right to offset $7.6 million against the amount owed to the Trust under the SPA, but he did not rule on any indebtedness to the individual siblings. However, Kenny Industries learned through the summary judgment proceedings in the contribution action that Gerard interpreted the ruling as an express finding that he was not responsible for reimbursing his individual siblings under the CA[2].

On January 28, 2010, the trial court heard the Trust's motion for summary judgment in

---

[2]This court takes judicial notice of the fact that Gerard subsequently filed a motion *in limine* in the contribution action on April 2, 2010, seeking to bar defendants from introducing any evidence that he was indebted to KCC for the $7.6 million in losses it allegedly suffered. Gerard contended that the issue of indebtedness was fully litigated in the prior arbitration proceeding and thus, the doctrine of collateral estoppel barred defendants from relitigating that issue in the contribution action.

the arbitration action. Kenny Industries again argued in opposition that the arbitration award could not be confirmed to the extent that the award purported to adjudicate the parties' rights and responsibilities under the CA. The trial court granted the Trust's motion for summary judgment on January 29, 2010, and denied Kenny Industries' request for a stay pending the resolution of the contribution action. This appeal follows.

ANALYSIS

Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2008); *State Farm Mutual Automobile Insurance Co. v. Coe*, 367 Ill. App. 3d 604, 607 (2006). We review *de novo* an order granting summary judgment. *Jones v. Country Mutual Insurance Co.*, 371 Ill. App. 3d 1096, 1098 (2007).

The order granting summary judgment contained two primary components. First, the trial court confirmed the arbitration award and entered judgment thereon. It is well settled in Illinois law that a court's review of an arbitrator's award is extremely limited. *American Federation of State, County & Municipal Employees v. Department of Central Management Services*, 173 Ill. 2d 299, 304 (1996) (and cases cited therein). "Whenever possible a court must construe an award to uphold its validity ***." *Garver v. Ferguson*, 76 Ill. 2d 1, 10 (1979). Moreover, there is a presumption that the arbitrator did not exceed his authority. *Herricane Graphics, Inc. v. Blinderman Construction Co.*, 354 Ill. App. 3d 151, 155 (2004).

The limited circumstances in which a court may modify or vacate an arbitration award are set forth in the Uniform Arbitration Act (Arbitration Act) (710 ILCS 5/1 *et seq.* (West 2008)).

8

Section 13 of the Arbitration Act provides:

> "(a) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:
>
>> (1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
>>
>> (2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
>>
>> (3) The award is imperfect in a matter of form, not affecting the merits of the controversy.
>
> (b) If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall affirm the award as made." 710 ILCS 5/13(a), (b) (West 2008).

Under section 12(a) of the Arbitration Act (710 ILCS 5/12(a) (West 2008)), the court shall vacate the award where: (1) it was procured by corruption, fraud or other undue means; (2) there was evident partiality, corruption or misconduct; (3) the arbitrators exceeded their powers; (4) the arbitrator refused to postpone a hearing or hear material evidence, or otherwise conducted

the hearing so as to substantially prejudice a party; and (5) there was no arbitration agreement. Section 12 further provides that "[a]n application under this Section shall be made within 90 days after delivery *** of the award to the applicant." 710 ILCS 5/12(b) (West 2008).

On appeal, Kenny Industries contends that the trial court erred in confirming the arbitration award because the arbitrator exceeded the scope of his authority. The arbitration provision in the SPA limited the parties' agreement to arbitrate to only those disputes arising out of or relating to the SPA. Kenny Industries argues that the arbitrator seemed to have interpreted sections of the CA that were not before him. For example, the interim award states that nothing in the CA gave a right of offset to Kenny Industries because the individuals are not part of the Kenny Group and "[n]o payments have been offered or proved made by the various entities which have not been covered by Clinton." The arbitrator concluded that the CA evidenced "no indebtedness to any member of the Kenny Group." Because the parties did not agree under the SPA to arbitrate the meaning of the CA and Kenny Industries had no counterclaim seeking affirmative relief under the CA, Kenny Industries contends the arbitrator went beyond the scope of his authority. Moreover, there is a separate lawsuit currently pending in which Gerard and his siblings are seeking an interpretation of their respective rights and responsibilities under the CA.

The Trust argues that because Kenny Industries did not challenge the award within the 90-day period allowed under the Arbitration Act, its argument that the arbitrator exceeded the scope of his authority is waived. Kenny Industries replies that the parties did not agree to arbitrate their rights under the CA, nor was this issue submitted for arbitration, and issues not submitted to arbitration are not subject to the Arbitration Act, citing *Shultz v. Atlantic Mutual*

10

1-10-0439

*Insurance Co.*, 367 Ill. App. 3d 1, 10 (2006).

Both the trial court and the Trust are correct in noting that under the Arbitration Act, a party that wishes to vacate or modify an arbitration award must do so within 90 days of delivery of the final award. See 710 ILCS 5/12(b), 13(a) (West 2008). However, our interpretation of the argument raised by Kenny Industries is that it is not requesting this court to modify or vacate the award as it relates to what the parties agreed to arbitrate under the SPA and as it was originally understood by Kenny Industries. The award was not challenged within the 90-day period because Kenny Industries originally interpreted the award as being within the scope of what the parties agreed to arbitrate under the SPA. It is only after Kenny Industries learned that Gerard was interpreting the arbitration award as going beyond the scope of the SPA and determining the rights and responsibilities of the individual siblings under the CA, a matter that was being litigated separately in the contribution action, that Kenny Industries objected to the confirmation of the award. Kenny Industries clearly maintains that the award exceeds the bounds of the arbitrator's authority only to the extent that it purports to interpret the CA beyond what the parties agreed to arbitrate under the SPA.

Under this court's holding in *Shultz*, the 90-day rule does not apply to issues that the parties did not agree to arbitrate and that were not submitted to arbitration. *Shultz*, 367 Ill. App. 3d at 16. Thus, it does not apply to the issue of whether the award interpreted the CA beyond what the parties agreed to arbitrate under the SPA. We reject the Trust's argument that Kenny Industries agreed to arbitrate the interpretation of the CA generally by seeking to offset the $7.6 million loss incurred by KCC. The offset provision under the SPA provided that Kenny

11

Industries could offset the amount of any indebtedness to any member of the Kenny Group, which included KCC. That is all Kenny Industries sought to do in arbitration, and the arbitrator determined that Kenny Industries was not entitled to an offset because there was no evidence of indebtedness to KCC. The fact that Kenny Industries sought to offset an amount that it claimed was due to KCC under the terms of the CA does not mean that it agreed to arbitrate the interpretation of the CA generally with respect to any other entity or individual.

We agree that some of the language in the arbitration award that references the CA is not entirely clear. However, under the principles of limited review, the presumption that the arbitrator did not exceed his authority, and the court's obligation to construe the award to uphold its validity whenever possible, we cannot say that the trial court erred in confirming the award. The trial court held that the arbitrator properly rejected the offset of $7.6 million against the share purchase price where it determined that the Kenny siblings were not individually part of the Kenny Group. Gerard's argument that the issue of indebtedness under the CA was fully litigated in the arbitration action is without merit. In construing the award as a whole, it is clear that the arbitrator was not making a determination as to whether KCC actually suffered a $7.6 million loss or whether the Kenny siblings could recover that loss from Gerard under the terms of the CA in a separate action. The arbitrator merely stated that there was no evidence in KCC's balance sheets of an account receivable or note payable from Gerard. There was also no evidence of a claim by KCC against Gerard for the $7.6 million loss. The offset provision of the SPA required a showing of indebtedness to any member of the Kenny Group, which included KCC but did not include the individual siblings. In the absence of any evidence of indebtedness to KCC directly,

the arbitrator could not approve an offset under the SPA; thus, the trial court correctly confirmed the award and entered judgment thereon.

The second component of the summary judgment order was the trial court's denial of Kenny Industries' request for a stay. The trial court may stay proceedings as part of its inherent authority to control the disposition of cases before it and may consider factors such as the orderly administration of justice and judicial economy. *Philips Electronics, N.V. v. New Hampshire Insurance Co.*, 295 Ill. App. 3d 895, 901-02 (1998). We review a trial court's decision to deny a request to stay the proceedings for an abuse of discretion. *Philips Electronics*, 295 Ill. App. 3d at 902. An abuse of discretion occurs only where "'the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court' [Citation.]" *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009). The party seeking the stay bears the burden of proving adequate justification for it. *Kaden v. Pucinski*, 263 Ill. App. 3d 611, 615-16 (1994).

Kenny Industries contends that the trial court ignored clear evidence that the failure to enter a stay would work an injustice. Kenny Industries argues that the failure to enter a stay allows Gerard to use the justice system as a sword to obtain money for himself and a shield to avoid paying parties who are nearly identical to the party that owes him money. Moreover, Kenny Industries contends that because Gerard is involved in several other actions in which he already faces or could face millions of dollars in liability, he is unlikely to be able to meet all of his legal obligations.

Kenny Industries is not a party to the contribution action, and it is a separate legal entity

13

that cannot be considered to be "nearly identical" to the individual siblings. We further take judicial notice of the fact that the trial court entered an order in the contribution action on August 12, 2010, in which it rejected Gerard's collateral estoppel argument. Thus, the concern that Gerard will be able to use the justice system as both a sword and a shield is now moot. Moreover, the speculation regarding Gerard's potential liabilities stemming from unrelated litigation has no relevance to this proceeding.

In denying the stay, the trial court noted that Kenny Industries was not a creditor of Gerard's, and that even if the individual siblings should be determined to be creditors in the contribution action, they cannot assert attachment in the arbitration action because the individual siblings are not parties to the arbitration action. We agree that Kenny Industries did not meet its burden of proving justification for the stay, and we cannot say that the trial court's ruling was arbitrary or that no reasonable person would take the view adopted by the court..

CONCLUSION

We hold that the trial court did not err in granting summary judgment in favor of the Trust. Although the 90-day rule does not apply to issues that were not submitted to arbitration and therefore Kenny Industries' argument is not waived, we hold that the arbitrator did not in fact exceed the scope of his authority because the arbitration award did not interpret the rights and responsibilities of the individual siblings under the CA. Finally, we conclude that the trial court did not abuse its discretion in denying Kenny Industries' request to stay the proceedings.

Affirmed.

HOFFMAN and LAVIN, JJ., concur.

14

1-10-0439

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each case)

_____

GERARD M. KENNY, as Trustee of the TRUST OF GERARD M. KENNY,

     Petitioner-Appellee,

v.

KENNY INDUSTRIES, INC.,

     Respondent-Appellant.

_____

No. 1-10-0439

Appellate Court of Illinois
First District, Fourth Division

December 9, 2010

_____

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court.

HOFFMAN and LAVIN, JJ., concur.

_____

Appeal from the Circuit Court of Cook County.

Honorable William O. Maki, Judge Presiding.

_____

For APPELLANT, Dewey & LeBoeuf LLP, Chicago, IL (Alan N. Salpeter, Vincent P. Schmeltz III, of counsel)


For APPELLEE, Novack and Macey LLP, Chicago, IL (Eric N. Macey, Courtney D. Tedrowe, of counsel)