# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Kenny v. Kenny Industries, Inc.*, 2012 IL App (1st) 111782

---

| | |
|---|---|
| Appellate Court Caption | GERARD M. KENNY, as Trustee of the Trust of Gerard M. Kenny, and Novack and Macey, LLP, Petitioners-Appellees, v. KENNY INDUSTRIES, INC., Respondent-Appellant (Bank of America, N.A., Petitioner and Intervenor-Appellee). |
| District & No. | First District, Second Division<br>Docket No. 1-11-1782 |
| Filed | July 24, 2012 |
| Rehearing denied | August 29, 2012 |
| Modified upon denial of rehearing | September 4, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a dispute between members of a family business, the business was not entitled to a release from a judgment confirming an arbitration award in favor of petitioner, a family member whose termination triggered the obligation of the business to purchase his shares, and the business was not entitled to set off a debt the terminated family member owed to his siblings pursuant to a contribution agreement between the member and his siblings. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 01-11-1782; the Hon. Sebastian T. Patti, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

James E. Betke, P.C., of Chicago, for appellant.

Novack & Macey LLP, of Chicago (Eric N. Macey, Courtney D. Tedrowe, and John Haarlow, Jr., of counsel), for appellees Gerard M. Kenny and Novack & Macey LLP.

Mayer Brown LLP, of Chicago (Thomas S. Kiriakos, Joshua D. Yount, Aaron Gavant, and Michael D. Frisch, of counsel), for appellee Bank of America, N.A.

Panel

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Quinn and Justice Connors concurred in the judgment and opinion.

**OPINION**

¶ 1    Respondent Kenny Industries, Inc. (Kenny Industries), appeals the order of the circuit court denying its motion for release from a judgment confirming the arbitrator's final award in favor of petitioner Gerard M. Kenny's trust. On appeal, Kenny Industries contends the trial court erred in denying the motion because it retained its right of setoff under section 4.5 of the share purchase agreement (SPA). Kenny Industries also argues that petitioner Bank of America, N.A. (Bank of America), does not have a greater right to receive payments from the trust. For the following reasons, we affirm.

¶ 2                                     JURISDICTION

¶ 3    The trial court entered a final judgment in the instant case on March 5, 2011, and Kenny Industries filed a motion to reconsider on April 4, 2011. The trial court granted the motion but denied all relief requested on June 16, 2011. Kenny Industries filed its notice of appeal on June 24, 2011. This court granted leave to amend the notice of appeal on August 9, 2011, and the amended notice of appeal was filed on August 10, 2011. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                                     BACKGROUND

¶ 5    Kenny Industries was formed in 1985 as a holding company for the Kenny family's business entities. Its shareholders consisted of Gerard and siblings James, Joan, John,

Patrick, and Phillip. The shareholders entered into the SPA which governed the purchase and sale of Kenny Industries stock upon the death, total disability, or termination of employment with the Kenny Group of any shareholder. The SPA defines the Kenny Group as Kenny Industries, Northgate, Kenny Construction Company (KCC) and Seven K Construction Company (Seven K). The SPA further provides that shares cannot be transferred without prior written consent of Kenny Industries and all other shareholders, except transfer of shares to the shareholder as sole trustee of a Clifford trust or revocable living trust. However, any shares so transferred remain subject to the terms of the SPA. Section 4.5 of the SPA also states:

"If, at the time payments are to be made under this Agreement to the Shareholder ***, the Shareholder *** is indebted to any member of the Kenny Group, then [Kenny Industries], in its discretion, may withhold any payment, in whole or in part, and apply such withheld amount to the payment or partial payment of such indebtedness."

¶ 6     On November 2, 1999, Gerard transferred all his shares of Kenny Industries stock to a trust as permitted by the SPA (Gerard's trust). In August 2005, Gerard and his sister, Mary Ann Kenny Smith, each obtained a $3.5 million loan from LaSalle Bank, N.A. (which later merged into Bank of America, N.A.), for a hotel development project. In November 2005, Gerard's employment with Kenny Industries was terminated and the termination triggered Kenny Industries' obligation to purchase his shares pursuant to the SPA. It sent a letter to Gerard's trust, valuing its shares at about $5.4 million. It informed the trust, however, that it intended to exercise its right to set off a $7.6 million debt it claimed Gerard owed under a contribution agreement entered into between Gerard, his siblings, and KCC. The contribution agreement provided guarantees/agreements to indemnify certain obligations in the construction and development of the Bryn Mawr Hotel. As a result of the setoff, Kenny Industries claimed it owed nothing to Gerard.

¶ 7     On August 2, 2007, the trust initiated arbitration proceedings in which it disputed Kenny Industries' valuation of the shares and challenged its exercise of the setoff option. The arbitrator issued an interim award on January 12, 2009. In the award, the arbitrator valued the trust's shares of Kenny Industries stock at $6,989,626. He concluded that under the SPA, Kenny Industries must pay that "amount to the Trust in 15 yearly equal installments, plus interest." As for the $7.6 million setoff claimed by Kenny Industries under the contribution agreement, the arbitrator ruled that it had no right to exercise its setoff option because the debt owed under the agreement was to the siblings individually, and those individuals are not part of the Kenny Group. The arbitrator found "no indebtedness to any member of the Kenny Group." A final award was issued on March 25, 2009, and it incorporated the provisions of the interim award by reference. It calculated the amount due to the trust as of the final award date as $2,253,041.58.

¶ 8     Meanwhile, Gerard and Mary Ann negotiated an extension on their Bank of America loan in exchange for additional collateral which included a security interest in any right of Gerard's trust to payments under the SPA or any arbitration award or judgment related to the SPA. Bank of America perfected its new security interest on March 3, 2009.

¶ 9     The trust filed a petition seeking confirmation of the final award and entry of judgment.

On November 3, 2009, it filed a motion for summary judgment on its petition. Kenny Industries filed a response in which it asked for a stay of enforcement pending the resolution of a separate case filed in 2005 (2005 case) involving Gerard and his siblings. In the 2005 case, the Kenny siblings sought payment of the $7.6 million debt owed by Gerard under the contribution agreement. On January 29, 2010, the trial court entered summary judgment in favor of the trust and denied Kenny Industries' request for a stay of enforcement. The court also confirmed the arbitrator's final award and entered judgment (trust judgment) in the amount of $3,074,846.95 plus future principal installments and interest.

¶ 10    On February 1, 2010, Kenny Industries filed an appeal and posted a $4.2 million bond to stay enforcement. On August 12, 2010, the Kenny siblings obtained a judgment in the 2005 case against Gerard personally in the amount of $7,738,112.23. On October 29, 2010, the siblings executed a document assigning their 2005 judgment to Kenny Industries. On December 9, 2010, the appellate court affirmed the trial court's January 29, 2010, judgment in the trust case and affirmed the denial of Kenny Industries' request for a stay of enforcement. See *Kenny v. Kenny Industries, Inc.*, 406 Ill. App. 3d 56 (2010). The court reasoned that Kenny Industries could not utilize the setoff provision in the SPA because it "required a showing of indebtedness to any member of the Kenny Group, which *** did not include the individual siblings." *Id*. at 64. The court also agreed with the trial court's finding that Kenny Industries did not meet its burden of showing justification for the stay. *Id.* at 65.

¶ 11    On February 14, 2011, the trust sought enforcement of the trust judgment and release of its appeal bond. On this date, Kenny Industries also filed a motion to terminate its appeal bond and for a release of judgment. In its motion, Kenny Industries claimed that it satisfied the trust judgment by setting off the amount owed under the judgment against the amount Gerard owed the siblings in the 2005 case. On March 24, 2011, the trial court denied Kenny Industries' motion. Kenny Industries filed a motion to reconsider, and on June 14, 2011, the trial court granted the motion but reaffirmed the denial of Kenny Industries' motion for release. The trial court also granted the trust's petition to release its appeal bond as well as Novack and Macey LLP's attorney lien petition, which was filed at the same time. The trial court entered written orders on the judgments on June 16, 2011. Kenny Industries filed this timely appeal.

¶ 12                                          ANALYSIS

¶ 13    Kenny Industries contends that the trial court should have granted its motion for release from the trust judgment. It argues that the Kenny siblings' assignment to Kenny Industries of their 2005 case judgment against Gerard created a debt owed by Gerard to a member of the Kenny Group. Pursuant to the SPA, it could then exercise its right to set off the $7,738,112.23 judgment against the $6,989,626 purchase price of shares it is obligated to pay Gerard's trust under the arbitration award. Kenny Industries thus claims it owes no further payment to the trust and should be released from the trust judgment. The trial court's decision of whether to grant a release from judgment is reviewed under the abuse of

discretion standard.[1] *Security State Bank of Hamilton v. Kimball*, 319 Ill. App. 3d 635, 638 (2001).

¶ 14     Initially, Kenny Industries contends that the arbitrator's final award, and the circuit and appellate courts' affirmance of the award, addressed only the installment payments due to the trust up to the dates of judgment. Kenny Industries claims that the award and court decisions did not address future installment payments, nor did they invalidate the setoff provision of the SPA. The trust argues that Kenny Industries waived this issue on appeal because it was never brought before the trial court below. Regardless of whether the issue was waived, Kenny Industries' argument is without merit. The arbitrator's final award makes clear it contemplated future installment payments as well as the payments due as of the date of judgment. The final award states:

> "As to the amount of the award, and interest, it is clear that the Stock Purchase Agreement contemplated that the amounts due were to be paid in fifteen equal annual instalments [*sic*]. The provision for interest included in the contract language provides for interest payments on the unpaid balance of the principal, and not merely for interest on payments in arrears. *These payments are due, and shall be paid on each principal due date*." (Emphasis added.)

We find that the final award addressed all installment payments due under the SPA.

¶ 15     The trust disputes that Kenny Industries is entitled to exercise its right of setoff, and argues that the merger doctrine bars Kenny Industries from doing so in this case. The merger doctrine states that once a party obtains a judgment based upon a contract, the contract is entirely merged into the judgment. *Poilevey v. Spivack*, 368 Ill. App. 3d 412, 414 (2006). As a result, the contract "ceases to bind the parties to its execution" and "no further action at law *** can be maintained on" the contract. *Id*. Therefore, the trust contends that "the SPA [and its setoff provision can] no longer be invoked as a defense to Industries' enforcement of the Trust's Judgment."

¶ 16     However, the merger doctrine applies only "to *causes of action* to bar relitigation of the same cause." (Emphasis in original.) *Stein v. Spainhour*, 196 Ill. App. 3d 65, 70 (1990). In *Stein*, the court found that the merger doctrine did not apply because the plaintiff's claim did not relitigate the defendant's liability under the contract but, instead, "sought attorney fees which are ancillary to the primary cause of action." *Id*. See also *Poilevey*, 368 Ill. App. 3d at 415. Furthermore, the merger doctrine does not necessarily preclude a judgment defendant from commencing subsequent litigation to enforce its contractual rights. *Lehman v. Continental Health Care, Ltd.*, 240 Ill. App. 3d 795, 803 (1992). If the defendant's complaint does not seek to attack the judgment itself, but rather attempts to enforce its separate rights under the contract, the merger doctrine does not apply. *Id.* In the case at bar, Kenny

---

[1]Kenny Industries contends that the proper standard of review is *de novo* because it is appealing the prospective effect of the June 16 order, which is an issue of law. However, ultimately Kenny Industries challenges the trial court's denial of its motion to release it from the trust judgment, arguing that it properly exercised its right of setoff and as a result it has satisfied its obligation to pay the trust. The proper standard of review here is abuse of discretion.

Industries did not attempt to attack the underlying judgment but rather sought to enforce its contractual right of setoff against "any payment" due to the trust under the SPA. The merger doctrine is inapplicable and we must now determine whether Kenny Industries may exercise its right of setoff under the present facts.[2]

¶ 17 Kenny Industries contends it properly set off the 2005 case judgment against the payments it was obligated to make to Gerard's trust under the trust judgment. It argues that the SPA authorizes a setoff where the shareholder " is indebted to any member of the Kenny Group," which includes Kenny Industries. It further argues that the Kenny siblings assigned their $7,738,112.23 judgment against Gerard to Kenny Industries, thereby creating a debt owed by Gerard to a member of the Kenny Group.

¶ 18 Whether Kenny Industries may exercise its right to setoff pursuant to the SPA depends on whether the assignment created a debt owed by Gerard to Kenny Industries. "As a general rule, an assignment is a transfer of some identifiable property, claim or right from the assignor to the assignee. [Citation.] The assignment operates to transfer to the assignee all the right, title or interest of the assignor in the thing assigned. [Citation.]" *Litwin v. Timbercrest Estates, Inc.*, 37 Ill. App. 3d 956, 958 (1976). However, the assignee cannot, merely by virtue of the assignment, acquire any greater right or interest than the assignor possessed. *Reimers v. Honda Motor Co.*, 150 Ill. App. 3d 840, 843 (1986).

¶ 19 In his award, the arbitrator ruled that as for the $7.6 million owed by Gerard under the contribution agreement, Kenny Industries had no right to exercise its setoff option because the debt owed was to the siblings individually, and those individuals are not part of the Kenny Group. The arbitrator found "no indebtedness to any member of the Kenny Group." The trial court confirmed the arbitrator's final award and entered the trust judgment in the amount of $3,074,846.95 plus future principal installments and interest. On appeal, this court affirmed the trial court's judgment and further found that Kenny Industries could not utilize the setoff provision in the SPA because it "required a showing of indebtedness to any member of the Kenny Group, which *** did not include the individual siblings." *Kenny*, 406 Ill. App. 3d at 64.

¶ 20 The Kenny siblings subsequently obtained a judgment on the debt owed by Gerard under the contribution agreement (2005 case), for a total amount of $7,738,112.23, and assigned their judgment to Kenny Industries. However, it is clear that under the SPA, a debt owed to the Kenny siblings does not qualify as an indebtedness to Kenny Industries that may be set off against a payment owed to Gerard. It follows that since the Kenny siblings had no right to set off their 2005 case judgment, they could not properly assign that right to Kenny Industries. See *Litwin*, 37 Ill. App. 3d at 958 (assignee can acquire no greater right than that

---

[2]Gerard also argues that sections 12-176 and 12-178 of the Illinois Code of Civil Procedure (735 ILCS 5/12-176, 12-178 (West 2010)) bar a setoff in this case. These provisions deal with the common law right of setoff. Kenny Industries' claimed right to setoff, however, is contained in the SPA. Therefore, it is contractual in nature. The parties have not argued that the SPA is not a valid agreement, nor do they allege that the setoff provision violates public policy. See *Wilson v. The Hoffman Group, Inc.*, 131 Ill. 2d 308 (1989). Therefore, we presume that the setoff provision in the SPA is valid.

possessed by the assignor since "one cannot convey that which he does not have").

¶ 21    We also agree with intervenor Bank of America's argument that the Illinois Code of Civil Procedure (Code) section 12-178 (735 ILCS 5/12-178 (West 2008)) precludes Kenny Industries' setoff here. First, section 12-178(1) bars a setoff "[w]hen the creditor in one of the judgments is not in the same capacity and trust as the debtor in the other." 735 ILCS 5/12-178(1) (West 2008). The creditor of the January 2010 judgment is Gerard's trust while the debtor in the August 2010 judgment is Gerard Kenny individually. Kenny Industries is not allowed to exercise its right of setoff in this case because no mutuality of obligation exists between the parties. Also, Kenny Industries assigned its rights under the August 2010 judgment in October 2010 while the Trust assigned its rights under the January 2010 judgment to Bank of America in February 2009. Thus, Bank of America's perfected security interest in any right of Gerard's trust to payments under the SPA, or any arbitration award or judgment related to the SPA, takes precedence over the setoff claimed by Kenny Industries under section 12-178(2). This section bars a setoff "[w]hen the sum due on the first judgment was lawfully and in good faith assigned to another person, before the creditor in the second judgment became entitled to the sum due thereon." 735 ILCS 5/12-178(2) (West 2008). Furthermore, we agree with Bank of America that the assignment of debt by the Kenny siblings was for purposes of collection, which does not transfer beneficial ownership to the assignee as required to take a setoff. See *Bank of Chicago-Garfield Ridge v. Park National Bank*, 237 Ill. App. 3d 1085, 1092 (1992); *Lincoln Towers Insurance Agency, Inc. v. Boozell*, 291 Ill. App. 3d 965, 970 (1997). Therefore, the Code does not permit Kenny Industries' assignment for purposes of setoff and its assignment was ineffective in that it was only for purposes of collection. The trial court did not abuse its discretion in denying Kenny Industries' motion for release from judgment.

¶ 22    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 23    Affirmed.