2022 IL App (1st) 210315-U

SIXTH DIVISION
February 4, 2022

No. 1-21-0315

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| POTOMAC CONSULTING, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 17 CH 12503 |
| | ) | |
| IS CONSTRUCTION, LLC, | ) | The Honorable |
| | ) | Jerry A. Esrig, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE PIERCE delivered the judgment of the court.
Justices Harris and Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The judgment of the circuit court is affirmed where plaintiff did not provide an adequate or complete record to support its arguments on appeal.

¶ 2    Plaintiff, Potomac Consulting, Inc, filed a notice of appeal identifying an order barring certain witnesses at trial. The record on appeal does not support any of plaintiff's appellate arguments, so we affirm the circuit court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4    We first note that the statement of facts in plaintiff's appellate brief does not comply with Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020), which requires an appellant to state "the

facts necessary to an understanding of the case *** with appropriate reference to the pages of the record on appeal ***." Plaintiff's appellant brief fails to provide any citations to the record on appeal to support any of its factual statements. Plaintiff's failure to include any citations to the record to support its factual statements is inexcusable. Our supreme court's rules governing appellate briefs are mandatory. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. As a court of review, we are entitled to have the issues on appeal clearly presented. *Holmstrum v. Kunis*, 221 Ill. App. 3d 317, 325 (1991).[1] We would be within our discretion to strike plaintiff's brief and dismiss its appeal for failure to provide a complete statement of facts. *Hall v. Naper Gold Hospitality LLC*, 2011 IL App (2d) 111151, ¶ 9. We elect to not strike plaintiff's brief or dismiss the appeal—which are harsh consequences—because our review of the record demonstrates that plaintiff is not entitled to any appellate relief.

¶ 5     Plaintiff filed a three-count complaint against defendant, IS Construction, LLC, and made the following allegations. Plaintiff agreed to perform demolition work in exchange for $42,500, but defendant never paid, so plaintiff recorded a mechanic's lien. Count I sought to foreclose on the mechanic's lien. Count II asserted a claim of breach of contract, and count III, pleaded in the alternative to count II, asserted a claim for *quantum meruit*. At some point, defendant filed counterclaims, but we have not been able to locate the counterclaims in the record on appeal. The circuit court quashed the mechanic's lien and dismissed count I of plaintiff's complaint with prejudice, and the presiding judge of the chancery division transferred the case to the law division. The parties engaged in arbitration, but plaintiff filed a notice of rejection of the arbitrator's award. The case proceeded to a bench trial conducted over Zoom, at which the circuit court heard witness

---

[1]We also note that plaintiff does not cite to the record on appeal to support any of its arguments, in violation of Rule 341(h)(7), and did not append to its brief a copy of its notice of appeal, in violation of Rule 342 (eff. Oct. 1, 2019). We further note that plaintiff improperly appends certain documents to his brief that do not appear in the record, which we have not considered.

testimony and accepted numerous documents into evidence. We note that the record on appeal does not appear to contain a complete verbatim transcript of all the trial proceedings; the transcript begins with a witness being sworn in and does not reflect any preliminary discussions on the record or any opening statements. The transcript ends with the circuit court providing a date for the attorneys to present closing argument, but no transcript of any closing arguments appears in the record. The record is also devoid of any bystander's report of any proceedings that were not transcribed. On February 22, 2021, the circuit court entered judgment in favor of plaintiff and against defendant for $20,000 on the *quantum meruit* claim in count III of plaintiff's complaint. The circuit court also entered judgment in favor of Ivan Stanila and against plaintiff in the amount of $25,000 plus $12,737 in interest "on Stanila's claim on a promissory note." It is not clear from the record, however, what claims Stanila raised or how he was a party to this action. The circuit court's order states it had adjudicated "all of the remaining claims of the parties," and that it was a final order.

¶ 6    Plaintiff filed a notice of appeal on March 19, 2021, stating the date of judgment as February 22, 2021, and seeking review "of the Circuit Court Judges' [*sic*] granting of Appellee's Motion to Exclude Witnesses at Trial."

¶ 7                                    II. ANALYSIS

¶ 8    On appeal, plaintiff purports to raise three issues for review. It contends the circuit court (1) violated Illinois Supreme Court Rule 213 (eff. Jan. 1, 2018) by excluding witnesses previously disclosed in discovery; (2) failed to consider relevant factors before imposing a sanction pursuant to Rule 219(c) (eff. July 1, 2002); and (3) failed to issue a written order explaining the Rule 219(c) sanction and the exclusion of witnesses.

¶ 9     Plaintiff fails to direct our attention to the portion of the record showing that the circuit court barred any witnesses or entered any Rule 219(c) sanctions. A review of the record shows defendant did not file any written motions seeking to bar witnesses or asking for the imposition of Rule 219(c) sanctions. Plaintiff asserts in its brief—without any citation to the record—that "[a]t the start of trial, Judge Esrig heard argument on the motion and ruled in favor of Defendant/Appellee and excluded" certain witnesses. Our review of the only transcript in the record, however, reveals no discussion of any written or oral motions to exclude witnesses or impose sanctions under Rule 219(c).

¶ 10    Our supreme court has explained that

> "an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant."
>
> *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 11    Here, the record on appeal does not contain any written order from the circuit court barring any witnesses or imposing sanctions under Rule 219(c). The sole transcript provided to this court does not reflect any argument, discussion, or ruling on any written or oral motion to exclude any witnesses or impose Rule 219(c) sanctions. The parties have not submitted a bystander's report pursuant to Rule 323(c) (eff. July 1, 2017) of any proceedings not reflected in the verbatim trial transcript. Simply put, the record before us does not reflect that the circuit court made the rulings that plaintiff complains of on appeal. In the absence of any record support for plaintiff's claims of error, we presume that any proceedings not captured in an adequate record were in conformity

with the law and had a sufficient factual basis. See *Foutch*, 99 Ill. 2d at 291-92. With no basis from which to conclude that the circuit court erred in any manner, we affirm the circuit court's judgment.

¶ 12                                   III. CONCLUSION

¶ 13    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 14    Affirmed.