(No. 25899.

WILLIAM P. DOERR *et al.* Appellants, *vs.* HERBERT W. SCHMITT *et al.*—(SAUL PLAST, Appellee.)

*Opinion filed February 14, 1941.*

MARCH & ROSSITER, (W. D. SELLERS, of counsel,) for appellants.

MURPHY, LILLIANDER & GEMILL, and LANDIS & LANDIS, (ALVIN LANDIS, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This action of ejectment was brought in the circuit court of Cook county. That court held the complaint, though the answer admitted its allegations, failed to state a cause of action, and entered judgment for appellee, Saul Plast. The facts are that the property in controversy was originally owned by Joseph and Theresea Schmitt, the common source of title. In 1928, they executed certain bonds secured by a trust deed. Appellants, through *mesne* conveyances, received the title retained by the Schmitts. Appellee Plast claims title by virtue of the following: After the trustee under the trust deed had obtained a decree of foreclosure in the superior court of Cook county, one Robin P. Allen, who owned certain of the bonds secured by this trust deed, obtained in the circuit court of Cook county a personal judgment by confession on these bonds against the Schmitts. He assigned this judgment to appellee. Later, the trustee obtained a deficiency judgment against the Schmitts for the entire debt, less the proceeds of the foreclosure sale. Appellee's attorney was notified that this deficiency judgment would be sought. Plast redeemed and the sheriff sold the property to him under an execution issued on the judgment by confession, and made him a deed to the premises.

The contention of appellants is that the Allen judgment *in personam* on the bonds, assigned to Plast, was merged in the later deficiency judgment and was thereafter void; that appellee obtained no title by the sheriff's deed because the judgment was void, even though the redemption was effective.

In arguing that Plast's judgment on part of the bonds became merged in the later judgment of the trustee on all the bonds, appellants have misapprehended the most fundamental doctrine of the law of merger. This rule was stated

by this court in the early case of *Wayman* v. *Cochrane*, 35 Ill. 152, as follows: "The general rule is, that by a judgment at law or a decree in chancery, the contract or instrument upon which the proceeding is based becomes entirely merged in the judgment. By the judgment of the court it loses all of its vitality and ceases to bind the parties to its execution. Its force and effect are then expended, and all remaining legal liability is transferred to the judgment or decree. Once becoming merged in the judgment, no further action at law or suit in equity can be maintained on the instrument." This rule was reaffirmed in *Peoria Savings Loan and Trust Co.* v. *Elder*, 165 Ill. 55, and has never been departed from. The same rule is stated by Freeman in his treatise on judgments, fifth edition, volume 2, section 546, in this language: "Courts, in order to give a proper and just effect to a judgment, sometimes look behind, to see upon what it was founded, just as they would, in construing a statute, seek to ascertain the occasion and purpose of its enactment. The cause of action, though it may be examined to aid in interpreting the judgment, can never again become the basis of a suit between the same parties. It has lost its vitality; it has expended its force and effect. All its power to sustain rights and enforce liabilities has terminated in the judgment or decree. It 'is drowned in the judgment,' and must henceforth be regarded as *functus officio.*" It is said in *Gaines* v. *Miller*, 111 U. S. 395, 28 L. ed. 466, that where a judgment is obtained for money the demand is merged in the judgment and a suit cannot be brought on the claim for the money but the only remedy is to enforce the judgment or bring another suit on the judgment. And in *Hamer* v. *New York Railways Co.* 244 U. S. 266, 61 L. ed. 1125, the United States Supreme Court, speaking through Mr. Justice Brandeis, stated: "If there be any one principle of law settled beyond all question, it is this, that whensoever a cause of action, in the language of the law, *transit in rem judicatum,* and the judgment thereupon remains in full

force unreversed, the original cause of action is merged and gone forever."

An application of that rule to the facts of this case necessarily leads to the conclusion that the bonds owned by Allen on which judgment was obtained and assigned to Plast became merged in that judgment and could never again be made the basis of an action at law or suit in equity. Even at the time the judgment was assigned to Plast the bonds, in contemplation of law, did not exist. The trustee, therefore, had no right to obtain a later judgment on those same bonds. In doing so his judgment was $6562 (the amount of the first judgment) in excess of what it should have been. The remedy of the debtor is to have the judgment either corrected or have it reduced by a proceeding similar to *audita querela.* The result is not a merger of the first valid judgment in the later incorrect one.

Appellants' discussion of whether one judgment may merge in another one is not in point here. That rule is applicable, if at all, to cases in which one judgment is used as a cause of action on which another judgment is obtained. (2 Freeman on Judgments, (5th ed.) section 580.) That was the situation in *Dow* v. *Blake,* 148 Ill. 76. Here, the second suit was not on the first judgment but upon bonds which had already merged in a judgment. Nor was the second action brought by the holder of the prior judgment, as was true in *McDonald* v. *Culhane,* 303 Ill. App. 101, relied on by appellants. Moreover, the holding of the *McDonald case* was that the judgment creditor, by his conduct since obtaining his first judgment, which among many things included the bringing of the second suit for judgment, was estopped from denying there was a merger of the first into the second judgment. No issue of estoppel is made in this case. We need only hold that no merger took place by reason of Plast's failure to object to the trustee's obtaining judgment for more than he should have.

The judgment is affirmed.

*Judgment affirmed.*