M.H. STEIN, Plaintiff-Appellee, v. GAREL SPAINHOUR *et al.*, Defendants-Appellants.

Fourth District   No. 4—89—0681

Opinion filed March 28, 1990.

Kelly D. Long, of Hillsboro, for appellants.

Marshall A. Susler, of Lowe, Moore, Susler, McNutt & Wrigley, of Decatur, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following the affirmance by this court of a judgment for damages in plaintiff's favor, including attorney fees incurred in the trial court, plaintiff filed a motion in the trial court for additional attorney fees and costs incurred in the post-judgment proceedings and in the appeal. The trial court awarded plaintiff additional attorney fees and costs in the amount of $7,000 in accordance with provisions in the lease involved in these proceedings. Defendants appeal and argue the trial court was without jurisdiction to enter the order. We affirm.

This is the second time this case has been before this court. Previously, this court affirmed the trial court's finding that defendants, Garel Spainhour, Verneal Spainhour, and T.A. Spainhour, had breached the lease entered into with plaintiff, M.H. Stein, and the trial court's assessment of plaintiff's damages at $66,067.60 and attorney fees and costs at $11,177.39. (*Stein v. Spainhour* (1988), 167 Ill. App. 3d 555, 521 N.E.2d 641.) The amount of attorney fees represented attorney fees incurred up to May 31, 1987, and were payable

by defendants in accordance with a lease provision which states:

> "In the event of a default in any of the terms of this lease, whereby the Lessors are caused to hire legal counsel, then the Lessees hereby agree to pay reasonable attorneys fees incurred by the Lessors for such legal services."

While the first appeal in this matter was pending, defendants tendered payment of the judgment to stop the further accrual of interest. The receipt of tender and release of lien of judgment, dated April 15, 1988, stated the release was entered without prejudice to the rights of the parties to appeal and

> "the rights of the Plaintiff to seek attorneys fees and costs for post-judgment proceedings upon conclusion of all appeals."

The order, dated August 23, 1988, releasing defendants' appeal bond, stated:

> "This order does not affect the right of defendants or plaintiff to pursue any appeal, or the right of the parties to take further action or actions to obtain post-judgment attorney fees or costs."

The mandate of this court was issued on November 1, 1988, and stated:

> "It is the decision of this court that the order on appeal from the circuit court be AFFIRMED and stand in full force and effect.
>
> Costs, if any, to be taxed in accordance with the law."

On December 22, 1988, plaintiff filed a motion in the trial court to fix additional attorney fees. Following an evidentiary hearing, the trial court, on March 28, 1989, awarded plaintiff $7,000 in additional attorney fees pursuant to the terms of the lease.

Defendants first point out that attorney fees are not considered court "costs" and, thus, the attorney fees awarded herein are not allowable as costs. Defendants argue the trial court was without authority to take action not dictated by this court's November 1988 mandate. Because this court's mandate did not direct *a remand*, defendants contend the controversy between these parties came to an end on November 1, 1988. Defendants argue plaintiff should have asked this court on the first appeal to award additional attorney fees or for a remand to the trial court for consideration of the issue.

Plaintiff argues the additional attorney fees in this matter were awarded pursuant to the lease provisions and not as court costs. Further, the lease provision includes attorney fees incurred on appeal as well. Plaintiff points out this court is without jurisdiction to fix and determine attorney fees and, therefore, the trial court was the proper

tribunal to hear plaintiff's motion. Further, plaintiff asserts the affirmance by this court in the first appeal brings this case within the provisions of Supreme Court Rule 369(b), which states:

> "Dismissal or Affirmance. When the reviewing court dismisses the appeal or affirms the judgment and the mandate is filed in the circuit court, enforcement of the judgment may be had and other proceedings may be conducted as if no appeal had been taken." 107 Ill. 2d R. 369(b).

■ Initially, it is clear from the record the attorney fees were awarded pursuant to the lease provisions governing legal fees in the event the lessee-defendants defaulted. The order states:

> "Legal services for the appeal are all part of the fees for legal services which Defendants agreed to pay upon entering into the lease agreement."

There is no merit to defendants' contention the fees were awarded as court costs.

■ Defendants' argument regarding the necessity of a *remand order* in the mandate to revest the trial court with jurisdiction in this case ignores the plain language of Rule 369(b). This rule applies to this case and does not state a remand is required before "other proceedings may be conducted."

Defendants cite cases where the cause was remanded by the reviewing court to the trial court and the trial court did not comply with specific *directions* in the mandate. (*Independent Voters v. Illinois Commerce Comm'n* (1987), 117 Ill. 2d 90, 510 N.E.2d 850; *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 427 N.E.2d 563; *Relph v. Board of Education of DePue Unit School District No. 103* (1980), 83 Ill. App. 3d 1139, 404 N.E.2d 922; *Hagopian v. Board of Education of Tampico Community Unit School District No. 4* (1980), 83 Ill. App. 3d 1097, 404 N.E.2d 899; *Mid-West National Bank v. Metcoff* (1974), 23 Ill. App. 3d 607, 319 N.E.2d 336.) The case before us presents a different circumstance. As plaintiff points out, the focus must be on whether the trial court proceedings in this matter after the first appeal constitute "other proceedings" within Rule 369(b).

In *Perrin v. Pioneer National Title Insurance Co.* (1982), 108 Ill. App. 3d 181, 438 N.E.2d 1359, the court discussed Rule 369(b) in a case where no remand order was entered. The *Perrin* court noted the principle of law embodied in Rule 369(b) was enunciated in *Watkins v. Dunbar* (1925), 318 Ill. 174, 149 N.E. 14, and contemplated proceedings which are appropriate after the entry of a final judgment. In *Perrin*, the plaintiff sought to amend pleadings after the dismissal of

the pleadings was affirmed on appeal. Such proceedings were held not to be within Rule 369(b).

In *Russell v. Klein* (1977), 46 Ill. App. 3d 660, 361 N.E.2d 65, cited in *Perrin*, the appellate court affirmed a portion of a judgment and reversed another portion. No remand order was entered. After the mandate was filed, the trial court in *Russell* reentered the order the appellate court had reversed due to the trial court's lack of jurisdiction when the order was first entered. The plaintiff appealed the second order of the trial court, arguing the trial court was without authority to enter the order because no remand was ordered. The *Russell* court found the proceedings the trial court conducted were permitted pursuant to Rule 369(b) as "other proceedings."

We believe the proceedings in this matter for the award of attorney fees incurred on appeal were authorized by Rule 369(b). Prior to the first appeal in this case, plaintiff was awarded attorney fees incurred at trial. The trial judge declined to award plaintiff fees for 20 hours of additional future time plaintiff anticipated he would spend on this case. Moreover, as noted, defendants were advised that plaintiff was preserving his right to seek additional attorney fees after the appeals.

In *Darnall v. City of Monticello* (1988), 168 Ill. App. 3d 552, 522 N.E.2d 837, this court held there was no specific grant of authority to appellate courts to award attorney fees and costs on appeal. Defendants' reliance on *Village of Lakemoor v. First Bank* (1985), 136 Ill. App. 3d 35, 482 N.E.2d 1014, is misplaced. That case is distinguishable on its facts because the issue involved the appropriateness of awarding attorney fees in a contempt proceeding.

Defendants next argue that even if the trial court had jurisdiction to award additional attorney fees, it was error to do so based on the provisions of the lease which merged into the judgment. Because the lease ceased to exist when it merged with judgment, defendants argue plaintiff cannot maintain an action for attorney fees based on the lease. Plaintiff argues the merger doctrine does not apply to this case because there was no previous judgment awarding attorney fees for the first appeal in this case.

■ The merger doctrine states that when a judgment based upon a contract or instrument is obtained, the instrument becomes entirely merged in the judgment. (*Doerr v. Schmitt* (1941), 375 Ill. 470, 31 N.E.2d 971.) By the judgment of the court, the instrument loses its vitality and ceases to bind the parties to its execution. Once becoming merged into the judgment, no further action at law or suit in equity can be maintained on the instrument. *Doerr*, 375 Ill. at 472, 31

N.E.2d at 972, citing *Wayman v. Cochrane* (1864), 35 Ill. 152.

Defendants cite several other cases where the courts determined the merger doctrine applied and section 18 of the Restatement of Judgments. The Restatement states:

"When a valid and final personal judgment is rendered in favor of the plaintiff:

(1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment." Restatement (Second) of Judgments §18, at 151-52 (1982).

■ The doctrine of merger is applied to *causes of action* to bar relitigation of the same cause. In the case presented, plaintiff did not seek to relitigate any of defendants' liability regarding the breach of the lease but rather sought attorney fees which are ancillary to the primary cause of action. Further, as plaintiff points out, no judgment regarding any attorney fees incurred on appeal was rendered in the trial court before the first appeal was filed or raised and considered by this court in the first appeal. We find the merger doctrine inapplicable in this case.

A second district case, *Losurdo Brothers v. Arkin Distributing Co.* (1984), 125 Ill. App. 3d 267, 465 N.E.2d 139, supports our conclusion. There, a lessor obtained judgment for possession in a forcible entry and detainer action and was awarded attorney fees for the trial. The lessor requested additional attorney fees in the appellate court for the appeal. The appellate court in *Losurdo* determined the lease agreement expressly provided the lessee would have to pay all reasonable attorney fees incurred by the lessor in enforcing the lease covenants and this provision included fees on appeal when the lessor was successful. (*Losurdo*, 125 Ill. App. 3d at 277, 465 N.E.2d at 146.) However, the court found the issue was properly determined by the petition presented to the trial court and, thus, remanded the cause for consideration of this issue.

For the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

KNECHT, P.J., and STEIGMANN, J., concur.