FOURTH DIVISION
Filed: October 12, 2006

1-05-2275

| | | |
|---|---|---|
| VICTORIA POILEVEY, | ) | Appeal from the Circuit Court of |
| | ) | Cook County, County Department, |
| Plaintiff-Appellee, | ) | Tax and Miscellaneous Remedies |
| | ) | Division |
| | ) | |
| v. | ) | No. 03 L 51523 |
| | ) | |
| AARON SPIVACK, | ) | Honorable Alexander P. White, |
| | ) | Judge Presiding |
| Defendant-Appellant. | ) | |

JUSTICE MURPHY delivered the opinion of the court

In 2003, plaintiff, Victoria Poilevey, registered a default judgment entered in the state of Wyoming against defendant, Aaron Spivak, in Illinois. The trial court ordered defendant to pay the principal amount, prejudgment interest, fees and costs provided for in the foreign judgment, and postjudgment attorney fees. On appeal, defendant argues that the doctrines of merger and *res judicata* precluded the award of postjudgment attorney fees and that the trial court erred by granting the attorney fees without notice and a hearing. For the reasons stated below, we affirm.

## I. BACKGROUND

In December 2003, plaintiff registered a Wyoming default judgment against defendant with the clerk of the circuit court in Cook County. The Wyoming judgment provided as follows:

"[P]laintiff shall have judgment against and recover from the defendant, Aaron

Spivack, in the sum of $45,000 in unpaid principal, plus unpaid interest at the rate

of 12% per annum from February 10, 2002[,] to the date of judgment, plus a late

charge of $1,400.00 and reimbursement for reasonable attorney fees and costs of collection, and that the plaintiff be granted judgment for her costs of $157.00 and reasonable attorney fees of $2,060.00 plus interest on the judgment awarded hereby from the date hereof until paid, at the legal rate of 10% per annum."

Plaintiff filed several citations to discover assets and served them on defendant and third parties. On February 16, 2005, the trial court entered an order on plaintiff's citation to discover assets and noted that defendant's counsel asked plaintiff's counsel for a payoff letter good through March 31, 2005. It continued the matter for status to March 31, 2005.

On March 28, 2005, plaintiff issued a letter to defendant asserting that the sum of $84,236.16, including $17,972.94 in postjudgment attorney fees, was due on judgment.

Defendant failed to appear at the March 31, 2005, hearing. The court imposed a judicial lien of 84,236.16, which included the complained-of postjudgment attorney fees, and scheduled a rule to show cause for defendant's failure to appear and to produce documents required by previous court orders. On April 4, 2005, defendant filed an emergency motion to modify the court's March 31, 2005, order. Defendant argued that the original note merged with the judgment and that interest was calculated incorrectly. Plaintiff also filed a motion to deny defendant's motion to modify the judgment.

The trial court, denying defendant's motion to modify the order, held that interest was properly calculated. The court further found that neither the merger doctrine nor the *ejusdem generis* doctrine of construction precluded the award of postjudgment attorney fees.

## II. ANALYSIS

## A. Merger and Res Judicata

Defendant contends that the note merged with the judgment because the original note called for the payment of attorney fees associated with the enforcement of its terms. Plaintiff responds that the merger doctrine does not apply because the issue of postjudgment fees is an ancillary one and the trial court did not predicate its ruling on the underlying note.

The merger doctrine provides that when a judgment based on a contract or instrument is obtained, the instrument becomes entirely merged into the judgment. Doerr v. Schmitt, 375 Ill. 470, 472 (1941). By the judgment of the court, it loses all of its vitality and ceases to bind the parties to its execution. Doerr, 375 Ill. at 472. Once the instrument is merged into the judgment, no further action at law or equity can be maintained on the instrument. Doerr, 375 Ill. at 472. Further, section 18 of the Restatement Second of Judgments provides that when a valid judgment is rendered in favor of a plaintiff, the plaintiff cannot maintain an action on the original claim. However, a plaintiff may be able to maintain an action upon the judgment. Restatement Second of Judgments § 18 (1982). A trial court's legal determination is subject to de novo review. Corral v. Mervis Industries, Inc., 217 Ill. 2d 144, 154 (2005).

Plaintiff's claim for attorney fees is not barred by the doctrine of merger because the merger rule does not apply to ancillary attorney fees. Stein v. Spainhour, 196 Ill. App. 3d 65, 70 (1990). In Stein, the appellate court affirmed a judgment awarding damages in the plaintiff's favor, including attorney fees incurred in the trial court. On remand, the trial court awarded additional attorney fees and costs incurred in the appeal and postjudgment proceedings pursuant to the terms of a lease. The lease provided that in the event of default, the lessees agreed to pay reasonable attorney fees incurred by the lessors. The

3

defendant argued that the trial court erred in awarding the postjudgment fees because it did so based on the provisions of the lease, which merged into the judgment. The court, however, noted that the doctrine of merger applies to *causes of action* to bar relitigation of the same cause. *Stein*, 196 Ill. App. 3d at 70. The plaintiff did not seek to relitigate any of the defendant's liability regarding the breach of the lease but, rather, "sought attorney fees which are ancillary to the primary cause of action." *Stein*, 196 Ill. App. 3d at 70. Accordingly, the court found the merger doctrine inapplicable. *Stein*, 196 Ill. App. 3d at 70.

As in *Stein*, plaintiff is not attempting to relitigate defendant's liability. Instead, she filed an action upon the Wyoming judgment and sought ancillary attorney fees. Furthermore, the Wyoming court did not and could not consider the postjudgment fees that the trial court awarded since they were not yet incurred. Defendant attempts to distinguish *Stein* by suggesting that the Wyoming judgment contained no language upon which the trial court could consider the question of postjudgment attorney fees. However, the Wyoming judgment separately provides for "reimbursement for reasonable attorney fees and costs of collection."

Defendant also argues that *Stein* is inapplicable because the *Stein* defendant, unlike defendant here, entered into a subsequent agreement to pay the fees. However, the release in *Stein* provided that it was entered into without prejudice to the rights of the plaintiff to seek attorney fees for postjudgment proceedings, not that the defendant affirmatively agreed to pay the plaintiff's attorney fees. Further, the case that *Stein* relies on to support its conclusion, *Losurdo Brothers v. Arkin Distributing Co.*, 125 Ill. App. 3d 267 1984 , involved only a lease agreement, and no subsequent agreement to pay fees existed. In addition, the *Stein* court's mention that no judgment regarding attorney fees incurred on appeal was raised or

considered before the first appeal simply showed that the plaintiff was not relitigating the issue.

Defendant also argues that the trial court erred when it "expressly considered the underlying documents that merged into the Wyoming judgment in finding the judgment included postjudgment attorney fees." Defendant misstates the trial court's ruling. The trial court did not base its ruling on the underlying note, but instead specifically stated that its ruling was "in accord" with the note. Such an analysis is entirely proper, as the merger doctrine does not prevent a court from looking "beyond the judgment to see upon what it is founded to give the judgment its just effect." Meeker v. Gray, 142 Ill. App. 3d 717, 726 1986 , citing Doerr, 375 Ill. at 472.

Furthermore, we find that the language of the judgment supports an award of postjudgment attorney fees. There are two separate clauses in the judgment awarding attorney fees and costs  one clause specifically awards attorney fees of  2,060 and costs of  157  the other clause provides for "reimbursement for reasonable attorney fees and costs of collection." As the trial court held, because there are two separate clauses awarding fees and costs, the most logical interpretation is that the specific award clause provides for fees already incurred because they could be calculated, while the other clause provides for fees and costs to be incurred in the future.

In support of his argument that the Wyoming judgment was insufficient to support an award of postjudgment fees, defendant relies on Negro Nest, LLC v. Mid-Northern Management, Inc., 362 Ill. App. 3d 640  2005 . In Negro Nest, the contract provided, "'If the undersigned fails to pay for services rendered and collection efforts become necessary, the undersigned agrees to be responsible for all collection costs incurred.'" Emphasis omitted. Negro Nest, 362 Ill. App. 3d at 640. The court found that because no evidence was presented as to what the parties intended

"collection costs" to mean, the contract did not specifically provide for attorney fees. *Negro Nest*, 362 Ill. App. 3d at 651. The Wyoming judgment is completely different  it explicitly provides for both "reimbursement for reasonable attorney fees and costs of collection." Thus, there is no question as to whether "costs of collection" include attorney fees. Furthermore, the *Negro Nest* court stated, "expressly stating that 'attorney fees' are recoverable is the clearest and easiest way to do this." *Negro Nest*, 362 Ill. App. 3d at 651. This is exactly what the Wyoming judgment did. To argue that postjudgment fees have not been specifically provided for is to ignore the plain language of the Wyoming judgment.

Defendant cites Wyoming, California, and Florida cases in support of his argument. However, we are not bound to follow decisions of other states. *People v. Gimmler*, 46 Ill. App. 3d 440, 445 1977 . In addition, defendant's citation to Wyoming law is curious indeed considering that, according to defendant, Wyoming is "far stricter" than Illinois courts in applying the merger doctrine. Furthermore, *Chelios v. Kaye*, 219 Cal. App. 3d 75, 268 Cal. Reptr. 38 1990 , which held that an attorney fees clause in a contract merged with the judgment, was decided under a statute that was later amended with the intention of changing the rule articulated in *Chelios. Miller v. Givens*, 30 Cal. App. 4th 18, 37 Cal. Reptr. 2d 1 1994 . Finally, *Florida Pottery Stores of Panama City, Inc. v. American National Bank*, 578 So. 2d 801 Fla. App. 1991 , is inapplicable because it goes against the rule clearly articulated in *Stein.*

Defendant also contends that the doctrine of *res judicata* barred the trial court's consideration of underlying documents. Although defendant did not raise this issue in the trial court, he claims, without citation to authority, that "it is neither waived nor waivable because it is inherent in the Act." Defendant

waived the argument by failing to raise it at the trial court level. *Lemke v. Kenilworth Insurance Co.*, 109 Ill. 2d 350 1985 . Waiver notwithstanding, to the extent that he argues that a judgment creditor should not be allowed to introduce extrinsic evidence of a right to continuing attorney fees unless the right appears on the judgment itself, we find that the right did appear on the judgment itself, as explained above.

Therefore, we find that the doctrines of merger and *res judicata* did not preclude the award of postjudgment attorney fees.

### B. Award of Postjudgment Attorney Fees and Costs Without a Hearing

Finally, defendant claims that the case should be remanded for a hearing because the court awarded postjudgment fees and costs without notice or a hearing. An order entered on February 16, 2005, continued the status on the citation to discover assets until March 31, 2005. Defendant failed to appear at the March 31, 2005, hearing, when the court imposed a judicial lien of 84,236.16, which included the complained-of postjudgment attorney fees. This amount was consistent with a payout letter that plaintiff sent defendant before the March 31 court date. The trial court also scheduled a rule to show cause for his failure to appear and to produce documents required by previous court orders. A transcript of the March 31 hearing is not in the record, and defendant stated that a court reporter was not present.

We find that defendant waived this argument because he did not raise it in the trial court despite having ample opportunity to do so. *Lemke*, 109 Ill. 2d at 355. On April 4, 2005, defendant filed an emergency motion to modify the court's March 31, 2005, order imposing the judicial lien. The basis of defendant's motion was that interest was calculated incorrectly and that the note merged with the

judgment. Defendant also filed a reply in support of his motion to modify, then a supplement to his reply that argued that the lien against the funds held by Chicago Title Trust should be vacated. In addition, defendant filed a response to plaintiff's motion to deny defendant's motion to modify the March 31 order. Finally, orders and pleadings in the record suggest that there was a "lengthy hearing" on defendant's motion however, a transcript of this hearing is not in the record.

None of defendant's four filings in relation to the award of postjudgment attorney fees raised the notice and hearing issue that he now argues on appeal. Furthermore, the only reference to a lack of support for the fees was in a footnote of the reply to his motion to modify, wherein he claimed that the reasonableness of the amount was not before the court because plaintiff was not entitled to postjudgment fees. Although defendant "reserved the right to challenge the amount for which she asks," he never did so. Having had numerous opportunities to raise his opposition, he cannot now complain about the original award of fees without notice or a hearing.

## III. CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court.

QUINN, P.J., and CAMPBELL, J., concur.