NOTICE
Decision filed 03/09/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210282-U

NO. 5-21-0282

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| STRANO & ASSOCIATES, LTD., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 19-LM-338 |
| | ) | |
| DANIEL HALE and ERIN HALE, | ) | Honorable |
| | ) | Kevin T. Hoerner, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The defendants forfeited any claims of error regarding the order entered on September 3, 2021, awarding the attorney fees and costs incurred by the plaintiff in the original appeal. The defendants' other claims of error against the underlying judgment for eviction and damages were raised in the prior appeal that was dismissed for lack of jurisdiction, and therefore, this court does not have jurisdiction to consider those claims. Accordingly, this appeal is dismissed, and each party shall bear their own costs and attorney fees in this appeal (*Strano II*).

¶ 2    The defendants, Daniel Hale and Erin Hale, filed an untimely notice of appeal from a final judgment for eviction and damages, and the appeal was dismissed for lack of jurisdiction. After the mandate issued, the plaintiff, Strano & Associates, Ltd., filed a motion for the attorney fees and costs that it incurred in defending the appeal, pursuant to a provision in its lease agreement. The circuit court granted the motion and ordered the defendants to pay $10,534.96, as reasonable attorney fees and costs. The defendants filed this appeal. In their brief, the defendants have made

1

no arguments directed at the order granting attorney fees to the plaintiff. They have reargued the same issues that had been made in the original appeal. For the reasons that follow, the appeal is dismissed.

¶ 3    This is the second time that this case has been before us. In the underlying case, the plaintiff, Strano & Associates, Ltd., brought an action against the defendants, seeking a judgment of eviction and damages based upon the breach of a residential lease. Following a bench trial, the circuit court entered a judgment in favor of the plaintiff. The defendants filed a series of successive postjudgment motions, each of which was denied. The final order in the eviction action was entered on October 28, 2019. The defendants filed a notice of appeal more than 30 days after the entry of that order, and their appeal was dismissed for lack of jurisdiction. See *Strano & Associates, Ltd. v. Hale*, 2021 IL App (5th) 190501-U (May 27, 2021) (*Strano I*). The mandate was issued on July 6, 2021.

¶ 4    On July 26, 2021, the plaintiff filed a motion in the circuit court seeking an award of the attorney fees and costs that it incurred in defending its judgment in the original appeal. The plaintiff argued that under paragraph 27 of the lease agreement, the tenant agreed "to pay all attorney fees, court costs, and other expenses incurred by the Landlord in enforcing the terms of this lease." The plaintiff asserted that its counsel expended 47.70 hours and $254.46 in costs in defending the judgment in the original appeal. The plaintiff attached a supporting affidavit from its counsel, along with an itemized invoice for professional services. The plaintiff's motion was set for hearing on September 2, 2021. According to the certificates of service, the plaintiff's motion and a notice of hearing were served on the defendants on July 26, 2021.

¶ 5    On September 2, 2021, the plaintiff's motion for attorney fees was called for hearing. The defendants did not appear, and they did not file a written objection or any other pleading in

response to the plaintiff's motion for attorney fees. The trial court granted the plaintiff's motion for attorney fees without objection. The written order was signed by the trial court on September 2, 2021, and file-marked on September 3, 2021. In the order, the trial court directed the defendants to pay $10,534.96 to the plaintiff, finding that to be fair and reasonable compensation for the fees and costs incurred by the plaintiff in defending the judgment on appeal.

¶ 6       On September 10, 2021, the defendants, acting *pro se*, filed a notice of appeal. In the notice of appeal, the defendants identified the order of September 2, 2021,[1] and several orders that had been the subject of the original appeal, as the orders from which they were appealing.

¶ 7       On September 21, 2021, the plaintiff filed a motion to dismiss the appeal. The plaintiff argued that the original appeal was dismissed because the defendants filed their notice of appeal out of time, and that the defendants were precluded from raising any claims of error with respect to the orders that were entered prior to the original appeal. The plaintiff further claimed that the defendants failed to object to the plaintiff's motion for attorney fees incurred in defending the original appeal, and therefore forfeited any claims of error regarding the order of September 3, 2021.

¶ 8       The defendants filed an objection to the plaintiff's motion to dismiss. They argued that the trial court's award of additional attorney fees increased the money judgment against them and constituted a "new final judgment" from which the entire case could be appealed.

¶ 9       The plaintiff's motion to dismiss the appeal was ordered taken with the case. We consider it now.

---

[1]As noted, the trial court signed the order awarding attorney fees on September 2, 2021, and the order was filed and published on September 3, 2021. In this order, we will refer to the date of filing when referring to the order.

¶ 10     In the original appeal, the defendants challenged the trial court's judgment of eviction and damages and other orders regarding pretrial and evidentiary rulings. The appeal was dismissed for lack of jurisdiction because the defendants failed to file their notice of appeal within 30 days after the entry of the final order in the case on October 28, 2019, and the mandate was issued on July 6, 2021. *Strano I*, 2021 IL App (5th) 190501. After the mandate issued, the plaintiff filed a motion to recover additional attorney fees and costs that it had incurred in defending its judgment on appeal. The plaintiff's motion was based upon a provision in the lease that allowed the landlord to recover attorney fees, costs, and expenses incurred in enforcing the terms of the lease. The plaintiff's motion was not directed toward the underlying judgment, and the filing of the motion did not reopen the eviction proceedings. The proceedings on the plaintiff's motion for the award of attorney fees on appeal were collateral to the underlying eviction action and were authorized under Illinois Supreme Court Rule 369(b) (eff. July 1, 1982). See *Stein v. Spainhour*, 196 Ill. App. 3d 65, 69 (1990). Contrary to the defendants' contention, the order of September 3, 2021, was not a "new final judgment." It did not transform the final judgment in the eviction claim into a nonfinal order. Accordingly, this court does not have jurisdiction to consider any claims of error against the underlying judgment, including any orders entered on or before October 28, 2019.

¶ 11     This court does have jurisdiction to review the circuit court's order of September 3, 2021, granting the plaintiff's request for the attorney fees and costs that it incurred in defending its judgment on appeal. Whether an award of fees is reasonable is reviewed for an abuse of discretion. *Peleton, Inc. v. McGivern's, Inc.*, 375 Ill. App. 3d 222, 225 (2007). Here, however, the defendants did not object to the plaintiff's motion for attorney fees, and they did not seek reconsideration of the circuit court's order granting that motion. Although the defendants listed the order of

September 3, 2021, in their notice of appeal, they have not presented arguments challenging any portion of the order in their brief on appeal.

¶ 12    The requirements for appellate briefs are set out in Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). With respect to the appellant's brief, the rule requires among other things, a summary statement of points and authorities relied upon, a statement of the issues presented for review, and an argument section containing the contentions of the appellant, with citations to the legal authorities and the pages of the record relied upon. Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020). The rule further provides that points not argued are forfeited. Ill. S. Ct. R. 341(h). A reviewing court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive legal arguments, and it is neither the function nor obligation of this court to act as an advocate or search the record for error. *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009).

¶ 13    Here, the defendants listed the order of September 3, 2021, in their notice of appeal and in their brief, but they have not raised any point of error or presented any argument challenging that order. Issues not clearly defined and sufficiently presented fail to satisfy the requirements of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), and are, therefore, forfeited. *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). In this case, the defendants have failed to comply with the requirements of Rule 341 and, therefore, have forfeited any claims of error regarding the order of September 3, 2021. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Vancura*, 238 Ill. 2d at 370.

¶ 14    In sum, the order of September 3, 2021, was not a "new final judgment." Therefore, this court does not have jurisdiction to consider any claims of error regarding the underlying judgment, including any orders entered on or before October 28, 2019. The defendants have forfeited any claims of error regarding the order of September 3, 2021, awarding the attorney fees and costs incurred by the plaintiff in the original appeal. Although there may be additional proceedings to

5

enforce the judgment, the litigation as to the merits of the judgment of eviction has ended. Accordingly, this appeal is dismissed, and each party shall bear their own costs and attorney fees in this appeal (*Strano II*, 2022 IL App (5th) 210282-U).

¶ 15    Appeal dismissed.