2023 IL App (1st) 220973

FIFTH DIVISION
October 27, 2023

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

No. 1-22-0973

| | | |
|---|---|---|
| | ) | |
| FAIRFIELD HOMES, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2021 CH 00679 |
| | ) | |
| JASON AMRANI and SARAH WARREN, | ) | Honorable |
| | ) | Anna M. Loftus, |
| Defendants-Appellees. | ) | Judge Presiding. |
| | ) | |

JUSTICE MIKVA delivered the judgment of the court, with opinion.
Presiding Justice Mitchell and Justice Lyle concurred in the judgment and opinion.

**OPINION**

¶ 1     A dispute arose between the parties, Fairfield Homes, Inc. (Fairfield) and homeowners Jason Amrani and Sarah Warren (homeowners), about construction of a single-family home. The parties submitted their dispute to arbitration. The arbitrator awarded $41,166.88 to Fairfield. The arbitration award further provided that "Fairfield shall supply the Owners appropriate releases and waivers of liens as a condition of receiving payment."

¶ 2     Without providing all waivers from its subcontractors, Fairfield filed a petition to enroll the award in the circuit court. Fairfield later filed a motion for postjudgment interest, costs, and fees, and a separate motion to vacate the portion of the award that conditioned payment on Fairfield providing the waivers. The circuit court enrolled the award, denied the motion to partially vacate,

and denied postjudgment interest, costs, and fees.

¶ 3    On appeal, Fairfield argues that the circuit court erred in denying postjudgment interest, court costs, and attorney fees in its favor. For the reasons that follow, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5    Fairfield contracted to build a single-family home for Jason Amrani and Sarah Warren. The homeowners terminated the contract with Fairfield mid-project amid disputes about defective construction. Fairfield demanded compensation for work they had completed and the homeowners demanded reimbursement for damages they had incurred.

¶ 6    The contract included an agreement to arbitrate and the following clause: "The prevailing party in any arbitration, court or other proceeding shall be entitled to reasonable attorney's fees and costs." The parties submitted their dispute to arbitration. After considering the claims of both parties, the arbitrator awarded $41,166.88 to Fairfield. The arbitration award provided that "Fairfield shall supply the Owners appropriate releases and waivers of liens as a condition of receiving payment." The arbitrator did not award any fees or costs to either party.

¶ 7    On February 11, 2021, Fairfield filed a petition in the circuit court to enroll the arbitration award. On August 17, 2021, the homeowners moved, under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)), to dismiss Fairfield's petition. The homeowners' motion attached a March 15, 2021 "Disposition for Application of Modification/Clarification of Award" in which the arbitrator had clarified that "[t]he phrase 'appropriate releases and waivers of lien' " in the original award "include[d] those from [Fairfield] as well as any [from Fairfield's] subcontractors who have lien rights against the property in question, which [arose] out of their work as a subcontractor of [Fairfield]." The homeowners argued that Fairfield's petition should be dismissed because they had not received lien waivers from all of Fairfield's subcontractors and

2

were waiting on Fairfield to provide those waivers before paying the $41,166.88.

¶ 8     On January 19, 2022, Fairfield filed a motion to vacate the portion of the award requiring it to provide lien waivers from the subcontractors. Fairfield argued that the subcontractors were not parties to the arbitration and the arbitrator therefore exceeded his authority in demanding Fairfield provide the waivers. In the homeowners' response, they argued that the arbitrator did not direct nonparties to take actions, but instead mandated Fairfield provide lien waivers from its subcontractors.

¶ 9     Simultaneous with its motion to partially vacate the award, Fairfield filed a separate motion for postjudgment interest, court costs, and attorney fees arising out of the petition to enroll the award. Fairfield stated it was not paid, and interest should therefore have begun accruing starting from when the arbitrator issued the award. Fairfield claimed that it had, in place of providing the waivers, offered to indemnify the homeowners.

¶ 10    The homeowners argued in response that "it would be inequitable to reward Fairfield [with interest] for [Fairfield's] refusal to comply with [the condition requiring it to provide lien waivers] under the award." The homeowners also argued that costs and fees would be inappropriate because "there was simply no need to seek this [enrollment as] the homeowners have never contested the enforceability of the Award and have repeatedly indicated their readiness and willingness to pay."

¶ 11    On June 1, 2022, the circuit court enrolled the award and denied the motion to partially vacate. On June 6, 2022, the circuit court denied Fairfield's motion for postjudgment interest, costs, and fees. On June 30, 2022, Fairfield filed a notice of appeal.

¶ 12    On December, 19, 2022, in response to Fairfield's motion to file a bystander's report, the court restated its previous ruling and reasoning with a court reporter present. As the court explained on the record: "due to the condition precedent established by the arbitrator, the ball remained in

Fairfield Home's court." It would therefore "be inequitable to reward Fairfield *** with interest."

¶ 13    The court also explained its denial of costs and fees to Fairfield. It noted that Fairfield's claim under the Mechanics Lien Act (770 ILCS 60/0.01 *et seq.* (West 2020)) was misplaced, since this was not a mechanic's lien case. The court declined to award fees under the Uniform Arbitration Act (Arbitration Act) (710 ILCS 5/1 *et seq.* (West 2020)), noting that, "while the costs and attorney's fees have been awarded in *** arbitration cases where a party refused [to comply with an award] without justification, [here], there [was] no basis to conclude that the [homeowners] failed to abide by the arbitration award." Additionally, the court did not find an authority allowing the court to "reach back to the provision in the [underlying] contract" to award attorney fees when the arbitrator had denied fees.

¶ 14                                     II. JURISDICTION

¶ 15    The circuit court issued a judgment order resolving all claims on June 6, 2022. Fairfield timely filed its notice of appeal on June 30, 2022. This court has jurisdiction over this appeal, pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and 303 (eff. Jul. 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 16                                     III. ANALYSIS

¶ 17    On appeal, Fairfield argues that (1) postjudgment interest should accrue beginning on the date that the arbitrator issued the award, (2) the Mechanics Lien Act applies and provides for cost shifting, and (3) the provision in the underlying contract between the parties providing for fee shifting should apply to Fairfield's petition to enroll the arbitration award and this appeal.

¶ 18    The homeowners respond that no interest was due because payment was conditioned on Fairfield providing lien waivers, which were not provided. They further argue that Fairfield is not entitled to fees or costs as the action was unnecessary. The homeowners also contend that they are

4

entitled to sanctions under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). We address each issue in turn.

¶ 19                                    A. Postjudgment Interest

¶ 20    Section 2-1303 of the Code of Civil Procedure (735 ILCS 5/2-1303 (West 2020)), which speaks directly to civil judgments, also governs interest on arbitration awards. *Ryan v. Kontrick*, 304 Ill. App. 3d 852, 860-61 (1999). The statute provides that "judgments recovered in any court draw interest at the rate of 9% per annum from the date of the judgment until satisfied" and "[w]hen judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment." 735 ILCS 5/2-1303(a) (West 2020).

¶ 21    We generally defer to a circuit court's decision on a request for interest on a judgment. *Milligan v. Gorman*, 348 Ill. App. 3d 411, 415 (2004). However, where, as here, "the facts show that there is no dispute as to the existence of a fixed debt based on a written instrument, reviewing courts will not defer to a trial court's denial of interest but will, instead, employ *de novo* review since only issues of law are involved." *Chandra v. Chandra*, 2016 IL App (1st) 143858, ¶ 46.

¶ 22    To the extent that Fairfield suggests portions of the arbitrator's award are illegitimate, our "review of an arbitrator's award is extremely limited." (Internal quotation marks omitted.) *Western Illinois University v. Illinois Education Labor Relations Board*, 2021 IL 126082, ¶ 56. "[T]he award must be construed, if possible, as valid." *City of Chicago v. Fraternal Order of Police, Chicago Lodge No. 7*, 2020 IL 124831, ¶ 25. "Furthermore, there is a presumption that the arbitrator did not exceed his authority." *Herricane Graphics, Inc. v. Blinderman Construction Co.*, 354 Ill. App. 3d 151, 155 (2004).

¶ 23    Fairfield argues that "the arbitrator did not have the authority to order Fairfield to provide

5

final lien waivers from subcontractors who were not a party to the arbitration" and, as a result, interest should accrue from the moment the arbitrator issued the award because the prerequisite conditioning the accrual's timing was invalid.

¶ 24 However, we agree completely with the circuit court that the arbitrator's award did not direct the lien waiver requirement at the subcontractors. Rather, the award required Fairfield to provide appropriate releases and waivers of lien from both Fairfield and its subcontractors. The award did not place any obligation on nonparties.

¶ 25 Fairfield also argues it fundamentally complied with the prerequisite because it provided the homeowners with "its [own] waiver of lien and [an] offer to indemnify [the homeowners] for any claims by subcontractors." Fairfield is essentially trying to alter the arbitration award. The award required Fairfield to provide lien waivers, not indemnification. "[W]hen an agreement contemplates that the arbitrator will determine remedies for *** contractual violations, courts have no authority to disagree with [the arbitrator's] honest judgment in that respect." *American Federation of State, County & Municipal Employees, AFL-CIO v. Department of Central Management Services*, 173 Ill. 2d 299, 306 (1996). The arbitrator has already addressed the issue of remedies, and this court will not intervene.

¶ 26 The thrust of Fairfield's argument is that its failure to provide the homeowners with lien waivers should not affect the usual rule concerning postjudgment interest. The rule provides that interest accrues once "the amount of money to be paid [is] certain and *** the judgment debtor enjoy[s] the improper use of the money during the period for which interest is to be awarded." *Robinson v. Robinson*, 140 Ill. App. 3d 610, 611 (1986).

¶ 27 In support of its position, Fairfield cites several cases interpreting the postjudgment interest provisions of the Illinois code using strict language that would not seem to comprehend exceptions.

6

See, *e.g.*, *Certain Underwriters at Lloyd's, London v. Abbot Laboratories*, 2014 IL App (1st) 132020, ¶ 62 ("The trial court has no discretion to deny postjudgment interest, as the imposition of statutory interest from the date the final judgment was entered is mandatory."); *Illinois Health Maintenance Organization Guaranty Ass'n v. Department of Insurance*, 372 Ill. App. 3d 24, 49 (2007) ("section 2-1303 of the Code of Civil Procedure [citation], which deals with postjudgment interest, is mandatory"); *Longo v. Globe Auto Recycling, Inc.*, 318 Ill. App. 3d 1028, 1039 (2001) ("Courts have held that the legislature did not vest the trial court with discretion in assessing interest under section 2-1303 of the Code."); *People ex rel. Holland v. Halprin*, 30 Ill. App. 3d 254, 256 (1975) ("The language of the statute is positive and self-executing. The trial court is without authority or discretion to limit the interest which thereby accrues upon a judgment."). None of these cases, however, has a similar condition precedent in the damage award and they are therefore not controlling in this case.

¶ 28   "The purpose of awarding interest on a judgment until it is paid is to make the successful plaintiff whole because prior to payment he was denied access to the funds defendant owed him." *4220 Kildare, LLC v. Regent Insurance Co.*, 2022 IL App (1st) 210803, ¶ 19. Postjudgment interest is "neither a penalty nor a bonus, but instead a preservation of the economic value of an award from diminution caused by delay." *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.*, 157 Ill. 2d 282, 301 (1993). Such interest ensures that the "defendant bears the full cost of his conduct." *Cotton v. Coccaro*, 2023 IL App (1st) 220788, ¶ 43.

¶ 29   As we have recognized, albeit in a different fact scenario, interest does not accrue where the debtor should not be expected to make the payment. In *Owens v. Stokoe*, 170 Ill. App. 3d 179, 180 (1988), a jury awarded the plaintiff $40,000 but reduced the award to $10,000, based on its finding that the plaintiff was 75% contributorily negligent. On appeal, this court held that it was

an error to place the issue of contributory negligence before the jury. *Id.* at 180. We modified the award to reinstate the $40,000. *Id.* at 181. On remand, the trial court ruled that postjudgment interest should apply retroactively to the $40,000 originally awarded and improperly reduced. *Id.* On appeal from that decision, we disagreed with the circuit court's ruling on remand. *Id.* at 183.

¶ 30    There, as here, "the plaintiff's argument rests upon the assumption that the setting of an exact amount of damages triggers the accrual of interest." *Id.* at 183. We clarified:

"In most cases, the plaintiff would be correct that the setting of a definite amount triggers the accrual of interest. However, that is only because generally at that time the defendant is afforded the opportunity to tender the amount owed and thereby forestall the accrual of interest. The triggering event is not the setting of a definite amount by itself, but the setting of a definite amount so that the judgment debtor has a reasonable opportunity to avoid accruing interest." *Id.*

¶ 31    In *Owens*, as in this case, there was no reason for the defendant to pay the amount due at the time of the initial judgment. Indeed, as this court noted, it would have been "unwise" for the defendant to have tendered that amount. *Id.* In this case, it would have been similarly unwise for the homeowners to have paid the amount awarded to Fairfield without receipt of the lien waivers that the arbitrator had ordered.

¶ 32    While we have not found, and the parties have not cited, Illinois cases that have arisen in the context of a condition precedent as a reason to postpone the accrual of interest, a very similar case was decided by the Supreme Court of Alabama. *Southeast Construction, L.L.C. v. WAR Construction, Inc.*, 184 So. 3d 360 (Ala. 2015). In that case, an arbitration panel awarded a judgment to the plaintiff but conditioned payment "upon *** receipt of reasonably appropriate and adequate releases of liens against [the defendant]." (Internal quotation marks omitted.) *Id.* at 362.

When the plaintiff did not provide the releases, the defendant withheld payment. *Id.* The plaintiff later provided the waivers but argued postjudgment interest should accrue from the date of the arbitration award and not the date the plaintiff provided the last waiver. *Id.* at 369. The Supreme Court of Alabama disagreed, holding that, even though the arbitration award specifically said that interest would accrue as of the date of the award, "interest [shall] not be calculated based on the date of the arbitration award; rather, interest [must] be tied to the date the court confirmed that [the plaintiff] produced the ordered releases." *Id.* While that holding rested in part on the "law of the case" doctrine, the court's recognition in that case that a required lien waiver may be a basis for postponing any accrual of interest is equally applicable here. *Id.* at 368.

¶ 33    Fairfield argues that *Shackelford v. Allstate Fire & Casualty Insurance Co.*, 2017 IL App (1st) 162607, is directly on point. There, we held that postjudgment interest should begin to accrue at the time an arbitrator entered the award at issue in the case, even though the award provided that payment be made "subject to 'all applicable setoffs and liens to be resolved by the Parties and their Attorneys.' " *Id.* ¶ 13. Fairfield argues that the reference to "setoffs and liens" is analogous to the lien waivers here. But "setoffs and liens" were not a condition for payment in *Shakelford*. Rather, the liens were a setoff, and the balance, which was due immediately, was subject to interest. *Id.* ¶ 16. *Shackelford* provides no support to Fairfield in this case, where lien waivers are a condition precedent to any payment.

¶ 34    The circuit court properly denied Fairfield's motion for postjudgment interest.

¶ 35                              B. Court Costs and Attorney Fees

¶ 36    Fairfield argues it is entitled to fees and costs arising from its action to enroll the arbitration award and this appeal. "Illinois follows the 'American Rule,' which provides that absent statutory authority or a contractual agreement, each party must bear its own attorney fees and costs."

*Housing Authority of Champaign County v. Lyles*, 395 Ill. App. 3d 1036, 1038 (2009). Fairfield finds statutory authority for cost-shifting in the Mechanics Lien Act. It finds a contractual basis for attorney fee-shifting in the original contract between the parties.

¶ 37    Section 17 of the Mechanics Lien Act states that "[t]he costs of proceedings as between all parties to the suit shall be taxed equitably against the losing party." 770 ILCS 60/17(a) (West 2020). Fairfield contends that it is the prevailing party because it ultimately received the relief it requested: enrollment of the arbitration award. As the circuit court pointed out, however, there were no proceedings in this case under the Mechanics Lien Act. This case was decided under the Arbitration Act, and the Mechanics Lien Act is simply not relevant here.

¶ 38    The Arbitration Act also allows for an award of costs. It provides:

"Upon the granting of an order confirming, modifying or correcting an award, judgment shall be entered in conformity therewith and be enforced as any other judgment. Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court *as to the court seems just*." (Emphasis added.) 710 ILCS 5/14 (West 2020).

¶ 39    Because the statute affords the circuit court discretion, we will not disturb its decision absent an abuse of that discretion. See *Stein v. Feldmann*, 85 Ill. App. 3d 973, 974 (1980). As the circuit court made clear in its denial of costs, there was "no basis to conclude that the [homeowners] failed to abide by the arbitration award." We agree, and thus, we do not find the circuit court's refusal to award costs under the statute to be an abuse of discretion.

¶ 40    Fairfield contends it is also entitled to attorney fees stemming from a fee-shifting provision in the underlying agreement between the parties. It argues that, despite the arbitrator's denial of fees, the fee-shifting provision should apply to Fairfield's enrollment action and this appeal, and

that the circuit court erred, as a matter of law, in finding that provision not applicable to the petition to enroll the award. The provision states that "[t]he prevailing party in any arbitration, court or other proceeding shall be entitled to reasonable attorney's fees and costs."

¶ 41    "Generally, a trial court has broad discretion to award attorney fees, and its decision will not be disturbed on appeal absent an abuse of that discretion." *Northbrook Bank & Trust Co. v. Abbas*, 2018 IL App (1st) 162972, ¶ 61. But where, as here, the party's claim is that the circuit court made a legal error, our standard of review is *de novo. Erlenbush v. Largent*, 353 Ill. App. 3d 949, 952 (2004).

¶ 42    In support of its claim of error, Fairfield cites *Stein v. Spainhour*, 196 Ill. App. 3d 65 (1990), and *Steiner Electric Co. v. Maniscalco*, 2016 IL App (1st) 132023. In *Stein*, 196 Ill. App. 3d at 66, 70, we held that the fee-shifting provisions in an underlying lease were broad enough to allow for an award of fees incurred in defending the circuit court's decision on appeal. In *Steiner*, 2016 IL App (1st) 132023, ¶ 73, we held that "the [fee-shifting] terms [in an underlying contract] were broad enough to embrace the expenses incurred *** in [the] subsequent suit to enforce the judgment under that contract." Fairfield argues that based on these cases, the fee provision of the contract extends to postjudgment proceedings.

¶ 43    We do not disagree with Fairfield that a fee provision may be broad enough to provide for fee-shifting awards in post-arbitration or postjudgment actions. But as the cases that Fairfield cites make clear, the rationale for extending the fee provision to such actions is that these proceedings are necessary to enforce or preserve a judgment in one party's favor. See *Steiner Electric Co.*, 2016 IL App (1st) 132023, ¶¶ 73, 85; *Stein*, 196 Ill. App. 3d at 66. In this case, however, there was no necessary post-arbitration action. When Fairfield filed its petition, it had not complied with the award's condition precedent. There was, at that time, no need to pursue litigation. Fairfield

11

acknowledges in its brief that, once it provided the lien waivers, the homeowners paid.

¶ 44    Nor can Fairfield properly be considered a prevailing party—a necessary predicate for any fee award. Here, Fairfield sought to vacate the portion of the award requiring it to provide lien waivers from subcontractors. It was not successful. Nor was Fairfield successful in obtaining postjudgment interest, costs, or fees. Nor are they successful now on appeal. Fairfield's actions following the arbitration award have not changed the outcome in any discernible way. The only aspect of this dispute in which Fairfield is arguably the prevailing party occurred during arbitration, and the arbitrator denied fees. Therefore, the circuit court's denial of Fairfield's motion for attorney fees for the circuit court action is affirmed.

¶ 45                                    C. Sanctions

¶ 46    The homeowners request sanctions under Rule 375(b), arguing that the circuit court's "ruling was thoughtful, logical, and thorough" and a "reasonably prudent attorney would not have brought an appeal of these claims."

¶ 47    Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) provides that sanctions "may be imposed" under certain circumstances, including if "it is determined that the appeal or other action itself is frivolous." "The imposition of Rule 375 sanctions is left entirely to the discretion of the reviewing court." *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 87. While we agree with the homeowners that the arguments raised on appeal should all be rejected and that the circuit court's analysis was careful and sound, we do not think that Fairfield's appeal in this case is "frivolous" such that sanctions should be awarded under Rule 375.

¶ 48                                    IV. CONCLUSION

¶ 49    For the foregoing reasons, we affirm the circuit court's denial of postjudgment interest, court costs, and attorney fees in favor of Fairfield.

¶ 50     Affirmed.

*Fairfield Homes, Inc. v. Amrani*, **2023 IL App (1st) 220973**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2021-CH-00679; the Hon. Anna M. Loftus, Judge, presiding. |

| | |
|---|---|
| **Attorneys for Appellant:** | Channing B. Hesse and Shannon Cottrell, of Grogan Hesse & Uditsky, P.C., of Oakbrook Terrace, for appellant. |

| | |
|---|---|
| **Attorneys for Appellee:** | David A. Eisenberg and Alexander N. Loftus, of Loftus & Eisenberg, Ltd., of Chicago, for appellees. |